Our fourth case is Herrington v. Waterstone Mortgage Corporation, and we'll have Mr. Skeen for the appellate. May it please the Court, Spencer Skeen, Appellate Counsel for Waterstone Mortgage Corporation. The issue in this case is, should employees and employers be allowed to agree that any disputes between them will be resolved through one-on-one arbitration? Or, should employees always be permitted to bring their claims in class or collective actions, no matter what they agreed? Well, EPIC Systems has resolved a large part of that for you. The answer is clear. That's correct. And I was going to say, on page 2 of EPIC Systems, it states, under the Federal Arbitration Act, courts must enforce arbitration agreements according to their terms, including terms providing for individualized proceedings. So we know the waiver, you know, that part of your case is done. EPIC Systems has said that the waiver is valid. Right. So why don't you talk about what happens from here. Who decides now whether, you know, there's this argument that potentially, even though the waiver was included, that there's an ambiguity because the agreement says that it will be, the rules of the American Arbitration Association will apply and that that was, that it may be the case that the waiver is still not there. You know, that there still may be, you're saying, well, let's see, my question is getting winding. What do you want us to do from here? I want you to reverse and remand with instructions that the district court follow the terms of the arbitration agreement as written. So the district court decides the question of whether it's arbitrable in a class proceeding? Or does the arbitrator decide that? Is there any question left? Somebody has to interpret the contract. So we know that the waiver can't be invalid because of EPIC Systems, but someone still has to interpret the contract, right, and decide whether it's subject to class arbitration. Is that the district court or the arbitrator? It's the district court. And let me tell you how we know. First, in the case below, Judge Crabb and Judge Pratt decided two different issues. The parties agreed that whether the agreement is enforceable was a question for the court. That is Appendix 3. And they cited the Lumberman's case. So that's short Appendix 3, the Lumberman's case. Then Judge Crabb also stated, quote, I agree with the plaintiff that Kaiser Steel v. Mullins, 455 U.S. 72, gives the federal court authority to invalidate a contractual provision that violates the NLRA. Then that was short Appendix 7, then short Appendix 14 and 18. The court then ruled on the issue and said, I'm applying it, talking about the DR Horton board decision, in this case to invalidate the collective action waiver. So the issue of legality of the arbitration agreement is at first an issue for the court. The court in this case said, illegal. I'm going to decide this is illegal, and so I'm going to strike a provision. Then sent it to the arbitrator to interpret the rest of the agreement, what was left. It was essentially a new document. But this is my problem. We have precedent in this circuit. We have this Blue Cross Blue Shield case where we held that the question of whether you could have a consolidated arbitration was one for the arbitrator. And that opinion, you know, there's other circuits have gone a different way on that and said the question of whether something could be arbitrated as a class is one for the district court and not for the arbitrator. But the language in that Blue Cross Blue Shield opinion is pretty broad, and the thrust of it makes it sound like we would treat this as a question for the arbitrator and not for the court. So could you address that? Yeah, so the Blue Cross, and that wasn't briefed by the parties, but the Blue Cross Blue Shield opinion, I'm familiar with, dealt with consolidation of two separate arbitrations over objection as opposed to taking an arbitration clause and interpreting it according to its terms and enforcing it. That, to me, we've got clear authority. The FAA says enforce an agreement according to its terms. So what should have happened here is Judge Crabb, and just so we're clear, it was a motion to dismiss that was filed. It was a motion to dismiss or in the alternative to permit individual arbitration. What should have happened was the case should have been dismissed or alternate, which is what happened in, I want to say, Ernst and Young, and then it would have been appealed. And then what happened after that is the court is well aware. But I don't think there should have been interpretation. I think the court should have enforced the agreement as written. It didn't allow for class arbitration in court. But why doesn't the court just say, yes, this agreement is subject to arbitration? You know, what Blue Cross Blue Shield says is, yes, the agreement is subject to arbitration, and then the questions of how that arbitration will proceed, including, in that case, whether it would be consolidated or not, are ones for the arbitrator to decide. That the district court just decides, yes, this arbitration agreement is valid, it goes to arbitration, but kicks the question of whether class arbitration is okay to the arbitrator. Great question. The Blue Cross Blue Shield case didn't involve a class waiver. I know, but the language was pretty broad. It did not involve an individual arbitration mandate. So what I would point the court back to here is when you've got a mandate that says the FAA requires courts to enforce agreements according to the terms, the only order a court can issue is I compel arbitration according to the terms of the agreement. And if it's individual arbitration, the district court says individual arbitration. Then there's nothing to interpret. If, on the other hand, you have what you have in the Blue Cross case, or in the Stolt-Nielsen case, or in the, what was the recent case before American Express? Before Italian Colors American Express, there was, I'm drawing a blank. But in that case, it was ambiguous. So an ambiguity in the agreement, knock yourself out. Submit it to the court. Depending on what, submit it to the arbitrator. Depending on what the terms of the arbitration agreement say. Do they say all disputes shall be resolved by the arbitrator? Then maybe you send it there. Sometimes arbitration agreements say the arbitrator shall have no power to interpret the agreement to allow a class waiver. It reserves to the court the jurisdiction to enforce class waivers. But that would be a different question, right? Depends on what the- This is the question of what's the default when it's silent. I mean, we have a division among the district courts in our circuit on this question. And the weight of authority suggests that it's a question of substantive versus procedural. And the weight of authority suggests that whether class arbitration is allowed is a substantive issue that should be decided at first blush by the court, not by the arbitrator. That's the weight of authority. And counsel can tell me- How would you distinguish Blue Cross Blue Shield then? I'm distinguishing it as two ways. Number one, it was consolidating two arbitrations. It wasn't this case, which says mandatory one-on-one arbitration. There was no either a class waiver or a mandate for individual arbitration. In that case, it was simply two arbitrations, arbitration agreement. What do we do with that? Maybe that is a procedural question. What do we do when there's ambiguity and nobody knows? Maybe that's for the arbitrator. But when you've got an arbitration agreement that by its terms is clear and unequivocal, what does EPIC tell us? Courts must rigorously, rigorously enforce arbitration agreements according to their terms. You can't ignore a class waiver and say, I'm going to allow arbitration. I'm going to let the arbitrator figure it out. You can't do that, and here's why. When you bring a motion to dismiss the case because it's a class action filed in violation of an arbitration agreement, and you bring a motion to compel individual arbitration, and then you compel putative class arbitration, you really deny the motion. You haven't granted the motion. Judge Crabb said, I'm granting the motion. But she really didn't. She denied the motion to dismiss, and she denied a motion to compel individual arbitration. And my client was very clear with respect to what it was moving. We moved to dismiss class or collective claims. Alternatively, we sought to compel the parties to arbitrate pursuant to the terms of the agreement, and that's at Appendix 40. We stated plaintiffs should be limited to pursuing her individual claims against Waterstone in arbitration. That's Appendix 48. So what we said is this is the relief I want. We got basically a denial. It should have been an immediate appeal, but as the courts know, when you grant a motion to compel, no immediate appeal right. So it was granted, but the agreement was completely gutted. So then by the time we get to arbitration, theoretically the arbitrator is like, well, I'm going to interpret this agreement. I've been ordered by the district court to allow jointer or some sort of multi-party proceeding. I've been ordered to ignore the individualized arbitration provision, so I have to figure out what's left, right. In this case, there was no ambiguity. The only ambiguity was created by Judge Crabb's erroneous ruling in striking that provision and declaring it unlawful. So I submit to your honors that there's a distinction that should be made in cases where there's a class waiver, in cases where it's clear and unequivocal that individualized arbitration is required, you have no choice. You dismiss a putative class case or you compel individual arbitration, and then if the parties want to do something different or do jointer or something, that's kind of up to them and maybe the arbitrator can rule on that. Do I reserve your time? I do want to reserve it. Okay, thank you, counsel. Mr. Getman. Thank you, your honors. The arbitrator in this case independently decided how the arbitration would go forward. He did that based on, and he is an experienced arbitrator, he was a jurist, a judge on the Second Circuit Court of Appeals,  he construed the arbitration clause written by Waterstone. He did it independently. He did it after Judge Crabb's decision on the NLRA issue. Could the arbitrator have come out differently than Judge Crabb did? Yes. And then would it have been binding if it was conflicting with what Judge Crabb decided? In that case, we'd have a different situation here and maybe something to go back to him. But in this case, the arbitrator said, I'm bound to follow Judge Crabb's decision, and furthermore, moreover, I understand that the arbitration clause is ambiguous. On the one hand, it has this waiver. Admittedly, the waiver language has ambiguities because all the employees are such. Counsel, in reading the transcript, he was really talking about what kind of class, should this be opt-in, opt-out? In context, it does not read like he was making an alternative holding on this agreement permitting class actions. Your Honor, I would disagree. The employees and Waterstone both asked him to address the question independently. The AAA rules require him to address first as a question of clause construction. I interpret the clause this way. The arbitrator absolutely could have at that point said, I interpret it as waiving the class, but Judge Crabb told me to do something different. He didn't say that at all. He said, Judge Crabb told me to do this, and furthermore, I find independently that the clause requires class treatment. Counsel, if we disagree with you on that, can you address this question of remedy? If we send it back, is this going to be a question for the district court or a question for the arbitrator to decide whether it can go forward as a class? The district court has already addressed that question when Judge Crabb two times said she found the arbitrator independently determined this on clause construction grounds, and Waterstone never challenged that issue. That issue, they never said Judge Crabb got that wrong. She suggested. She didn't outright say, yes, I find. I mean, that wasn't before her. So she didn't say, yes, I definitively find. She said the arbitrator suggested it might seem like he thought that. Address this Blue Cross Blue Shield question. Is the question of whether something is arbitrable in a class proceeding a question for the arbitrator or for the district judge? In this instance, the arbitrator independently and subsequently. Counsel. So if this case has been going on for seven years. Counsel, just answer the question. I understand the case has been going on. I understand your argument that the arbitrator to decide this. I'm saying as a matter of law in this circuit, given the Blue Cross Blue Shield case, given that there is a division in the district courts of our circuit about whether the decision whether something is arbitrable in a class proceeding is for an arbitrator to decide or for the district court, what is your position? Your Honor, I don't know how to answer the question other than to say it was already addressed. The Supreme Court has said the question is for the arbitrator. No, the Supreme Court has expressly reserved this particular question. On the question of the review of the district court. I'm sorry, on the question of the review of the arbitrator in Hall Street Associates, I'm sorry, in Oxford Health, the Supreme Court says we require to do two things. One is to ask the arbitrator. If the arbitrator interprets the arbitration clause, then we're obligated to follow it. There is no further review by the court. If the arbitrator didn't clearly decide it, we have the ability to interpret it as if we did. There's a reference to this court's decision in Ethel Corp versus United Steelworkers, and Oxford Health says, and I'll quote, the question is whether the arbitrator even arguably interpreted the party's contract, not whether he got the meaning right or wrong. So if you find that the arbitrator arguably interpreted the contract, which is clearly, Judge Crabb said, at least he arguably decided it, then you have to affirm there is only, this court's review is only... Let's say we don't find that, though, and send it back to the district court. Is the question of class arbitrability one presumptively for the district court or for the arbitrator in the case? In this instance, because the arbitrator... Let's assume, put aside this instance. If it's remanded to go to the district court, who presumptively makes that determination? This isn't a good case to make law about something that didn't happen. But if you had to, the district court would have to evaluate whether the arbitrator arguably... Counsel, just answer the question. I'm sorry, I thought I was. No, you're not. If we send it back to the district court and we say... What are we going to say? Let's say that we disagree with you. We don't think the arbitrator even arguably decided this question. If we send it back to the district court, does the district court decide whether this is arbitrable as a class or does the district court say, yes, this agreement says that this was subject to arbitration, I'm going to enforce it as an arbitration agreement, that's all I have to decide, and now I will send it to the arbitrator to interpret the contract and determine whether it can proceed as a class. I would say, Your Honors, that this is a case where the district court should make the decision informed by what the arbitrator did. So the district court should decide whether this is... I would say that, yes, but it would be based on what the arbitrator, in fact, did here. So the authority, in my view, rests with the arbitrator under the AAA rules to decide that question in the first instance, but that he did that here. Counsel, there was no reason for him to decide this because Epic Systems hadn't been decided and you had this waiver that was invalid. There was no reason for him to decide that here. This is a savvy jurist sitting as an arbitrator who said, I have the requirement, in fact, to do this because AAA Rule 3 requires him to interpret the clause, not to decide anything about NLRA or D.R. Horton. He was required to say what is the party's intent. The arbitrator said five different times, at least at A177, at A179, at A180, 181, and 182. I find that the arbitration clause requires class arbitration and I am independently determining that. He's a savvy arbitrator. He knows that this issue is before the courts, that decisions go both ways on the NLRA. Would this go back to the same arbitrator? I don't know how the AAA rules work. Would it go back to the same one or does it presumptively just go back in the pool? Arbitrator Pratt was in his mid-90s, Your Honor. At the time he heard the case, I don't even know where. I think the intent of the FAA is that an arbitration is swift and speedy. This has been dragged out for seven years. I think there's no question but that the arbitrator thought he was deciding that issue, that he was deciding it on independent grounds, that he clearly intended it to insulate the review. Waterstone admits he independently decided it in its malpractice action against its former attorneys. They specifically stated in a sworn pleading that the arbitrator independently determined that question. So everybody from the judge to the arbitrator to me to the defendant has said that the arbitrator arguably interpreted the clause at a minimum. Are you saying that you think your opponent has stopped from arguing to the contrary now because of the malpractice complaint? No, I think they're stopped because I think it's evidence that they said it and further that they did not challenge on the Section 9 and 10 review. They didn't even raise the question of having Judge Crabb review whether the arbitrator decided that on Section 9 and 10. Thank you, counsel. Thank you. Rebuttal. Two things. Plaintiff said, quote, Judge Crabb's well-reasoned decision permitting class arbitration should be followed as it is the law of the case. That's plaintiff's appendix 447 to 48 and that's precisely what Judge Arbitrator Pratt did. He said the district court has concluded the waiver clause is contrary to federal law. It must be severed from the rest of the agreement. Since I am bound to follow the court's order, I must read the agreement as if there were no waiver clause. He didn't. The arbitrator did not deal with validity of the waiver clause. He read the agreement as if it didn't exist, which is, we know, not true. That was the appendix 182. Now your question, what do we do? Let me tell you what we do. Stolt-Nielsen tells us that this court can simply order individual arbitration. Stolt-Nielsen, the court held the parties cannot be compelled to submit their dispute to class arbitration. So in Stolt-Nielsen, the court simply read the agreement, said I don't find any basis for there being implied or expressed consent to class arbitration. And in Stolt-Nielsen, the Supreme Court reversed and said it reversed the decision of the panel to allow class arbitration. In Huffman v. Hilltop, which is a Sixth Circuit case, the district court denied a motion to compel, the court of appeal reversed, and it said the parties must proceed in arbitration on an individual basis. So the Sixth Circuit directed the parties to go to individual arbitration, and so did the Supreme Court. That's what this court should do. I think the question is, is there a problem doing that in light of this court's decision in Blue Cross Blue Shield about consolidated arbitration? I think those are two different things. I think, again, as I said, one question is, how do I read an arbitration agreement under Section 4 and enforce it rigorously according to its terms when it's got an individual arbitration mandate? The court needs to do that. In the procedural history in Blue Cross Blue Shield, it was completely different. It dealt with consolidation of independent arbitrations. It's a procedural question I think maybe the arbitrator can decide. Let me tell you just quickly because I want to answer your question. Just quickly because you're out of time here. The Third, Fourth, Sixth, and Eighth Circuits have held the question of arbitrability as a question for the court. And the reason is that the question of class arbitration is a substantive question that greatly impacts proceedings. Well, I know the other circuits have done that. The thing is, Blue Cross Blue Shield, we're out of time. Blue Cross Blue Shield might do something different. Okay. Thank you very much, counsel. Case is taken under advisement. Appreciate it.